IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| HAZEL SKINNER as Personal Representative to the Estate of Duannel ("Duanna") Johnson (Deceased) and on behalf of the heirs to said Estate, | ) ) ) ) ) ) ) | |
| PLAINTIFFS, | ) ) | COMPLAINT |
| | ) ) ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | |
| CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, BRIDGES MCRAE, | ) ) ) ) ) | |
| DEFENDANTS. | ) | |

COMES NOW Plaintiff, HAZEL SKINNER As Personal Representative to the Estate of Duannel ("Duanna") Johnson (Deceased) and on behalf of the Heirs to said Estate, and files this Complaint arising out of the assault of Duannel ("Duanna") Johnson that occurred on or about February 12, 2008, at the Booking and Processing area of the Shelby County Jail. And in support thereof, would show as follows:

1

## I. INTRODUCTION

This lawsuit arises from the assault of Duannel ("Duanna") Johnson, which occurred on or about February 12, 2008. Plaintiff was a transgender woman and will be referred to hereinafter as "Duanna". Plaintiff alleges that Defendants were negligent and/or acted intentionally in connection with the care, treatment and ultimate assault of Duanna Johnson.

All allegations in this Complaint are based upon the in vestigation of counsel, except the specific allegations pertaining to the named Plaintiff's, which are based upon personal knowledge. As of the date of this, no discovery has been conducted. As a result, it is likely that once the discovery process is un derway, Plaintiff will seek leave to amend this Complaint to add new claims and/or new parties.

## II.      JURISDICTION AND VENUE

1. This action is brought pursuant to 42 USC §1983 and the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff is also asserting tort claims against the entities pursuant Tennessee's Governmental Tort Liability Act, TCA §8-8-302, and all other applicable state and Federal laws.

2. Venue is proper because all or part of the facts alleged herein occurred in the Western District of Tennessee.

## III.     PARTIES

3. Plaintiff, Hazel Skinner is and was at all times relevant to this action a resident of Kenosha, Wisconsin, and is a citizen of the United States of

     America.  She is the mother of "Duanna" Johnson and is bringing this action as personal representative of the Estate of Duannel (Duanna) Johnson.

4. Defendant, City of Memphis is a city duly incorporated under the laws of the State of Tennessee.  Defendant, City of Memphis is the owner and operator of the Memphis Police Department.  City of Memphis can be served by serving Elbert Jefferson, Jr., City Attorney, 125 North Main Street, Room 336, Memphis, Tennessee 38103.

5. Defendant, Bridges Mcrae was at all times relevant to this action an adult, his residential status is currently unknown to the Plaintiff.

## IV. FACTS

6. At the times complained of within this Complaint, "Duanna" Johnson was under the care, protection and supervision of the City of Memphis and the Memphis Police Department.

7. On February 12, 2008, Johnson was arrested without probable cause by Memphis Police Department.

8. That on February 12, 2008, Johnson was violently assaulted by McRae while in the custody and care of the City.

9. Officer Mcrae attempted to order Duanna by calling her "he-she" and "faggot."

10. When Duanna passively refused to comply with the orders, Mcrae became enraged and violent.

11. Mcrae wrapped handcuffs around his fist while approaching her.

3

12. Mcrae then assaulted Duanna by striking her repeatedly about the face and head with his fist wrapped with handcuffs.

13. That when Duanna was first assaulted, she was sitting and Mcrae was standing above her.

14. That Mcrae used chemical irritant on Duanna in an amount significantly in excess of limits proscribed by its manufacturer and industry experts.

15. Prior to and during said assault, Officer Mcrae used various derogatory terms towards Johnson regarding her transgender status and her sexual orientation.

16. That Memphis police offer J. Swain held Duanna

17. Johnson received numerous injuries as a result of said assault and ultimately received treatment at the Regional Medical Center for said injuries.

18. That the entire assault was viewed by numerous members of the Memphis Police Department.

19. That at no point did any Memphis Police Department officer intervene in the brutal assault of Duanna.

20. That many officers, including supervising officers, approached Mcrae immediately following the incident, yet did nothing to aid or assist Duanna as she recovered from the assault.

21. That despite committing the assault in the presence of officers who are presumed to be required to arrest those committing violent crimes in their presence, Defendant Mcrae was never arrested by the Memphis Police Department.

22. That until surveillance video was made public, the Memphis Police Department did not contact any law enforcement agency requesting an investigation of the actions of Mcrae.

23. That on or about February 12, 2008, Mcrae filed a affidavit of complaint or other charging document which alleged that Duanna was the intial aggressor and threatened his life.

24. That the Memphis Police Department, despite knowing the truth of the incident, caused the report to be sent to the Shelby County District Attorney's office for eventual prosecution of Duanna.

25. That the Memphis Police Department's Internal Affairs performed an investigation of the matter.

26. That the Internal Affairs department was made aware of the incident by Shelby County's review of surveillance video.

27. That no Memphis Police Officer present at the time of the incident reported the incident to Internal Affairs.

28. That several Memphis Police Officers discussed the attack amongst themselves in the presence of Mcrae immediately following the attack

### V. FIRST CAUSE OF ACTION AGAINST CITY OF MEMPHIS

29. The allegations set forth in the previous paragraphs of this complaint are incorporated herein by reference.

30. City of Memphis was negligent in continuing to allow Defendant Mcrae to oversee Plaintiff and others similarly situated in light of known instances of prior negligence and intentional actions by Mcrae.

31. As a direct and proximate result of the negligence of Defendant's employees, Plaintiff suffered injuries and damages as specifically described herein. Defendant is liable for the negligence of its employees, as Tennessee's Governmental Tort Liability Act has removed immunity.

## VI. SECOND CAUSE OF ACTION AGAINST CITY OF MEMPHIS

32. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

33. At all times relevant to this action, the officers dealing with the Plaintiff were acting by virtue of or under color of the City of Memphis and the Memphis Police Department and to the extent that Plaintiff was injured and/or her injuries were aggravated because of the action and/or inactions of an officer, Plaintiff hereby asserts a claim for relief under TCA §8-8-302.

## VII. THIRD CAUSE OF ACTION AGAINST CITY OF MEMPHIS

34. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

35. Defendant City of Memphis and the Memphis Police Department, its officers, agents and employees committed the above described actions and omissions under color of law, substantially depriving Plaintiff of her rights, privileges, and immunities guaranteed to her as a citizen of the United States in violation of 42 USC §1983 and deprived Plaintiff of rights guaranteed to her by the

Eighth and Fourteenth Amendments of the United States Constitution including, but not limited to, freedom from deprivation of liberty without the due process and freedom from cruel and unusual punishment.

36. Prior to this incident, Defendant City of Memphis and Memphis Police Department permitted, encouraged, tolerated, and ratified an official pattern, custom, and practice by its officers, with deliberate indifference, knowing that said practice violated Plaintiff's and others' free exercise and enjoyment of rights and privileges secured to them by the Constitution of the United States of America and the Constitution of the State of Tennessee in failing to ensure that all inmates including, but not limited to, transgender inmates are properly protected from abuse by officers and other inmates.

37. That the treatment and indifference directed at Duanna was directly in response to her gender, orientation and in violation of other protected rights

38. Defendant City of Memphis directly or with deliberate indifference, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of its employees, by failing to enact proper procedures and policies for providing security for all inmates, including, but not limited to, transgender inmates. Defendant has approved, condoned, and ratified the unlawful conduct of its employees and agents. Specifically and further, the City acted in deliberate indifference to Plaintiff's health and welfare by failing to properly train its officers and agents.

39. The direct and proximate result of this Defendant's acts was that Plaintiff suffered severe mental and physical injuries as set forth herein.

## VIII. FOURTH CAUSE OF ACTION AGAINST CITY OF MEMPHIS

40. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

41. Plaintiff hereby assets all common law claims against City of Memphis for the intentional acts against Johnson, including but n ot limited to the excessive use of force, the overuse of chemical irritant, and the intentional use of blunt force trauma to the face of Johnson, each of which contributed to and caused the injuries to Johnson.

42. That as due to outrageous conduct and intentional acts of this Defendant, an award of punitive damages is just and proper.

## IX. FIFTH CAUSE OF ACTION AGAINST CITY OF MEMPHIS

43. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

44. Plaintiff hereby asserts all common law claims resulting from the negligent treatment she received from City of Memphis and its employees and agents.

45. This treatment includes, but is not limited to, failure to provide a safe environment, failure to adequately perform bac kground checks on employees, failure to terminate Mcrae for previous intentional acts, failure to conduct sexual awareness sensitivity training, failure to control use of chemical irritants, failure to protect Duanna once the assault had begun, and for the injuries sustained by Duanna as a result of the assault.

46. It further and specially includes any and all cognizable claims stemming for gender discrimination.

## X. CAUSES OF ACTION AGAINST BRIDGES MCRAE

47. The allegations set for in the previous paragraphs of this Complaint are incorporated herein by reference.

48. Defendant, Bridges Mcrae's intentional actions in the form of his physical and verbal assault caused injury to Plaintiff.

49. The direct and proximate cause of this Defendant's acts are the injuries of Duanna Johnson.

50. That due to the outrageous conduct and intentional acts of this Defendant, an award of punitive damages is just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants on each count of the Complaint and seeks the following relief:

1. Issue service of process and serve Defendants;

2. Grant any reasonable request to Amend Plaintiff's Complaint to conform to the discovery and evidence obtained in this matter;

3. Find that the Defendants each and individually violated the constitutional rights of Duanna.

4. Find that the Defendants guilty of each of the claims made against them.

5. That a jury of her peers award the Plaintiff three-million dollars ($3,000,000.00) in compensatory damages due to the actions of the Defendants;

6. That a jury of her peers award the Plaintiff punitive damages in an amount not less than Ten Million Dollars ($10,000,000.00).

7. Award attorney's fees.

8. Grant the Plaintiff pre-judgment and post-judgment interest; and

9. Grant the Plaintiff all such further relief as the Court may deem just and proper.

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES WHEN JOINED.**

Respectfully submitted,

 s/Murray B. Wells 
Murray B. Wells, TBN 21749
Attorney at Law
Horne & Wells, PLLC
81 Monroe Avenue, Suite 400
Memphis, TN  38103
(901) 507-2521
wells@hgwlaw.com