```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

| | |
|---|---|
| HAZEL SKINNER, as Personal Representative for the Estate of Duannel ("Duanna") Johnson (Deceased) and on Behalf of the Heirs to said Estate,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS, MEMPHIS POLICE DEPARTMENT, and BRIDGES MCRAE<br><br>    Defendants. | No. 09-2071 |

## ORDER GRANTING MOTION TO DISMISS

Plaintiff Hazel Skinner ("Skinner") brings this action as the personal representative of the estate of Duannel ("Duanna") Johnson ("Johnson") (Deceased) and on behalf of the heirs to the estate against Defendants the City of Memphis, the Memphis Police Department (collectively "Memphis"), and Bridges McRae ("Officer McRae"). (Compl., ECF No. 1.) Skinner asserts claims under 42 U.S.C. § 1983 and Tennessee tort law. On February 21, 2012, Memphis filed a Motion to Dismiss. (Mot. to Dismiss, ECF No. 19.) Skinner responded on April 12, 2012. (Resp., ECF No. 29.) Memphis replied on April 25, 2012, and Skinner filed a sur-reply on May 16, 2012, in which she moved for sanctions

because of alleged misrepresentations. (Reply, ECF No. 30; Sur-Reply, ECF No. 34.) For the following reasons, the Court GRANTS Memphis' Motion and DISMISSES Skinner's suit against Memphis without prejudice.

**I. Background**

Skinner alleges that Johnson, a transgender woman, was arrested without probable cause by the Memphis Police Department on February 12, 2008. (Compl. ¶¶ 6-7.) Skinner alleges that Johnson was assaulted by Officer McRae while in custody and that he insulted her by calling her a "he-she," a "faggot," and other derogatory names. (Id. ¶¶ 8-9, 15.) When Johnson refused to comply with Officer McRae's orders, he allegedly hit her repeatedly on the head with his fist, which was wrapped with handcuffs. (Id. ¶ 12.) Skinner also alleges that Officer McRae used a chemical irritant on Johnson in excess of the limits prescribed by the irritant's manufacturer. (Id. ¶ 14.)

Skinner alleges that Johnson received numerous injuries as a result of the assault and that Memphis police officers who witnessed the assault failed to intervene. (Id. ¶¶ 17-19.) No officer present reported the incident to the Memphis Police Department's Internal Affairs. (Id. ¶ 27.) Skinner alleges that the Memphis Police Department did not investigate Officer McRae's actions until a video of the incident was made public. (Id. ¶ 22.)

Skinner filed her Complaint against Memphis and Officer McRae on February 10, 2009. (ECF No. 1.) Skinner issued a Summons against Officer McRae on April 23, 2009. (ECF No. 4.) Memphis filed a Motion for Extension of Time to File Answer on May 27, 2009. (ECF No. 7.) Memphis' Motion stated that it had been served with the Complaint on May 7, 2009. (Id.) Memphis filed an initial Motion to Dismiss on May 28, 2009, in which it objected to improper service of process. (ECF No. 8.) The Court granted Officer McRae's Motion to Stay the case on June 1, 2009, and administratively closed the case. (ECF No. 10-11.) The stay was lifted on February 14, 2012. (ECF No. 16.) Memphis filed the Motion to Dismiss at issue on February 21, 2012. (ECF No. 19.)

Memphis moves to dismiss for improper service of process and defects in Skinner's legal claims. (Mem. in Supp. of Defs.' Mot. to Dismiss, ECF No. 19-1 ("Mem. to Dismiss").) Because Memphis has not been served, the Court need not address the claims in Skinner's Complaint.

**II. Jurisdiction**

Skinner brings suit under 42 U.S.C. § 1983. This Court has subject matter jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331. This court also has supplemental jurisdiction over state law tort claims under 28 U.S.C. § 1367.

**III. Standard of Review**

When a defendant files a motion to dismiss for insufficient service of process, the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made." Mullins v. Kalns, No. 99-4031, 2000 U.S. App. LEXIS 28063, at *8-9 (6th Cir. Nov. 3, 2000); see also Portis v. Caruso, No. 1:09-cv-846, 2010 U.S. Dist. LEXIS 94868, at *28 (W.D. Mich. July 28, 2010) ("The plaintiff bears the burden of proving that proper service was effected."); Grubb v. Collins, No. 1:09-cv-263, 2010 U.S. Dist. LEXIS 90984, at *2 (S.D. Ohio July 14, 2010) (noting that the plaintiff bears the burden of showing that proper service has been made).

The Sixth Circuit has not addressed how a plaintiff may satisfy her burden of proof for purposes of a motion to dismiss. Other Circuits have done so. "[T]o make a prima facie showing [of service], the movant must simply produce a return of service identifying the recipient." Relational, LLC v. Hodges, 627 F.3d 668, 672 (7th Cir. 2010). Such an affidavit "can be overcome only by strong and convincing evidence." SEC v. Internet Solutions for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir. 2007) (quoting O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)). Although a "process server's affidavit of service establishes a prima facie case" of service, "[a] defendant's sworn denial of receipt of service . . . rebuts the presumption." Old Republic Ins. Co. v. Pac. Fin. Servs. of Am.,

4

Inc. 301 F.3d 54, 57 (2d Cir. 2002) (applying the state law of New York); see also People's United Equip. Fin. Corp. v. Hartmann, No. 10-20875, 2011 U.S. App. LEXIS 16560, at *4, (5th Cir. Aug. 9, 2011) (requiring "strong and convincing" evidence to overcome a plaintiff's prima facie evidence). The defendant has the burden of rebutting the plaintiff's prima facie case.

**IV. Analysis**

Service of process, or a waiver of service, is a prerequisite to a court's personal jurisdiction over a defendant in every civil action. Harris v. City of Cleveland, 7 Fed. Appx. 452, 455 (6th Cir. 2001) ("Without such ... service, a district court is without jurisdiction to render judgment against the defendant.") If "a defendant is not served...the court ... must dismiss the action without prejudice against the defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). Skinner argues that service was satisfied by Memphis' statement that it was served in its Motion to Extend Time to answer or otherwise plead or, in the alternative, that service was excused by Memphis' oral agreement to waive service. (Mot. to Extend, ECF No. 7; Wells Aff. ¶7, ECF No. 34-1.) Skinner contends that, in either case, Memphis is estopped from disputing service of process. (Sur-reply, ECF No. 34.) Skinner moves for an extension of time to serve Memphis if the Court finds that it was not properly served.

**A. Service of Process**

Skinner did not, and has not, served Memphis. To prevent dismissal of an action, a plaintiff must serve a defendant, or obtain a waiver of service, within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Skinner filed her Complaint on February 10, 2009, and the deadline to serve Memphis was June 10, 2009. (Compl., ECF No. 1.) Memphis filed its Motion to Dismiss alleging failure of service of process on May 28, 2009, (Mot. To Dismiss, ECF No. 8.), and the matter was stayed on June 1, 2009, (Order Granting Mot. to Stay, ECF No. 10.), 111 days after the Complaint was filed. The stay was lifted by order of the Court on February 14, 2012. (Order Lifting Stay, ECF No. 16.) Despite the stay, Skinner's obligation to serve Memphis, or to obtain a waiver of service, on or before June 10, 2009, was unchanged. In the Sixth Circuit, a stay does not toll the 120-day period for service because the court does not have power to issue orders affecting parties over which it does not have personal jurisdiction. <u>Friedman v. Estate of Presser</u>, 929 f.2d 1151, 1156-57 (6th Cir. 1991). Even if the stay had tolled the running of the 120-day period, Skinner did not serve Memphis before the stay became effective and did not serve it in the nine remaining days of the 120-day period after the stay was lifted. Skinner has not attempted to serve Memphis at any time since the stay was lifted.

Skinner contends that service was satisfied by Memphis' statement in its Motion to Extend Time that it had been served on May 7, 2009. Service of Process must be accomplished in keeping with the requirements of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(a)-(c), (j), (m). Skinner admits that she did not serve Memphis as required by Rule 4. (June 11, 2011 Letter, ECF No. 30-1.) Even if actual service were presumed, reference to service in a Defendant's Motion would not be sufficient proof that proper service had been made. The burden of proving perfection of service of process is on the plaintiff. Mullins 2000 U.S. App. LEXIS 28063, at *8-9. The generally accepted methods of establishing service are production of "a return of service identifying the recipient," Relational, 627 F.3d at 672, or "a process server's affidavit of service." Old Republic Ins., 301 F.3d at 57. Skinner cannot produce either of those documents because she has not served process on Memphis. Memphis' statement alone is insufficient proof to establish Skinner's prima facie case of service. Cf. Relational, 627 F.3d at 672.

**B. Waiver of Service**

Skinner did not obtain a proper waiver of service from Memphis within the required 120-day period. Skinner does not argue that she ever properly notified Memphis by requesting waiver of service in writing. She does not argue that Memphis

returned a written waiver of service in response to a request. Skinner states that her counsel asked Memphis to waive service and that Memphis through its counsel orally agreed to waive service during a conversation on May 26, 2009. (Wells Aff. ¶ 6-7, ECF No. 34-1.) These contentions, even if presumed true, do not satisfy the requirement to serve process or to obtain a waiver of service. Under Federal Rule of Civil Procedure 4, an oral promise, even if made, is not a valid waiver of service. See Carmen v. City of Pleasantville, 2007 U.S. Dist. LEXIS 42410, at *8-9 (D. N.J. June 11, 2007) (representations of a party's attorney did not constitute a de facto waiver of service and the burden remained on plaintiff to perfect). A plaintiff is entitled to request a waiver of service from a defendant to "avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). The waiver must be filed to secure personal jurisdiction over the defendant. Therefore, "the notice and request must ... be in writing." Id. at 4(d)(1)(A). The plaintiff must send the waiver in the proper form, including "two copies of a waiver form, and a prepaid means for returning the form." Id. at 4(d)(1)(C). There is no waiver of the service requirement "[if] a defendant...fails...to sign and return a waiver requested by a plaintiff." Id. at 4(d)(2). If the defendant does not sign and return a waiver, the plaintiff must serve the defendant pursuant to the requirements of Federal

8

Rule of Civil Procedure 4.  Jordan v. Ohio State Univ., 2010
U.S. Dist. LEXIS 78735, at *8 (S.D. Ohio July 13. 2010).
Neither Skinner's counsel's oral request for a waiver nor
Memphis' counsel's oral agreement to waive service would satisfy
the requirements of Rule 4.

On June 11, 2009, after the case had been stayed, Skinner's
counsel sent a letter to Memphis, asking it to waive service and
stating that service of process had been lost in the mail.
(June 11, 2009 Letter, ECF No. 30-1.)  That letter, although a
properly formatted notice and request for waiver of service with
the necessary attachments, was not sent until the 121st day after
the filing of the Complaint and is not an effective substitute
for service.  (See Compl., ECF No. 1.)  Skinner has not produced
a return of waiver of service for Memphis in response to her
counsel's letter.  Skinner's claims that service was properly
excused in this case are without merit.

**C. Estoppel and Additional Time to Serve for Good Cause**

Skinner's claim that Memphis is estopped from disputing
service of process because of its motion acknowledging service
or because of its alleged oral waiver is not well taken.  There
is no estoppel or acquiescence by a defendant in an action where
no service or waiver of service has been filed with the court
because the court does not have jurisdiction to hear the case.
Harris, 7 Fed. Appx. at 455, see also Griffin v. Lafourche

9

Parish Sch. Bd., 2006 U.S. Dist. LEXIS 43667, at *2 (E.D. La. May 25, 2006) (dismissing suit because no waiver of service was filed). Except in the narrow line of cases allowing equitable waiver, a plaintiff can only be released from her obligation to serve process by a defendant's waiver made in compliance with Federal Rule of Civil Procedure 4. If a defendant is not served or a waiver of service is not obtained within the 120-day limit, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). The only exception to the strict application of this rule is the Court's discretion to extend time for service when plaintiff shows good cause for her failure to serve process or to obtain a waiver of service. Id.

Skinner seeks additional time to serve Memphis under this exception if the Court finds, as it does, that Memphis was neither served nor waived service. Skinner says that she attempted to request a waiver of service from Memphis on February 12, 2009. (June 11, 2009 Letter, ECF No. 30-1.) Skinner says that the necessary waiver documents were mailed to Memphis by her counsel on February 12 and that she did not know

they had not reached the defendant until June 11, when she sent them again. (Id.)[1]

Skinner filed her complaint on February 10, 2009. (Compl., ECF No. 1.) Memphis filed its Motion to Dismiss alleging lack of service of process on May 28, 2009, before the expiration of the 120-day service period on June 10, 2009, giving Skinner notice that service had not been received. (Mot. to Dismiss, ECF No. 8.) Plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made." Mullins, 2000 U.S. App. LEXIS 28063, at *8-9. Skinner did not attempt to serve Memphis or to obtain a waiver of service within the permitted period after being made aware that Memphis disputed service.

Skinner moved for leave to serve Memphis in April 2012 in response to Memphis' renewed Motion to Dismiss. (Resp. to Mot. to Dismiss, ECF No. 29.) Skinner contends that her detrimental reliance on Memphis' oral waiver of service and on Memphis' motion stating that it had been served is sufficient to establish good cause for additional time. (Id.)

The Sixth Circuit requires at least excusable neglect to establish good cause. Turner v. City of Taylor, 412 F.3d 629, 650 (6th Cir. 2005). That standard is "'strict[] and can be met

---

[1] Although these contentions appear to contradict Skinner's earlier claims about Memphis' oral waiver, the Court will treat them separately as support for alternative grounds of relief.

11

only in extraordinary cases.'" Id. (quoting Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir. 1989)). Skinner cannot show that her neglect was excusable. She was aware or should have been aware of what was necessary to satisfy the requirements of Federal Rule of Civil Procedure 4. The Rule is clear; a waiver of service must be requested and returned in writing within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). In the alternative, service of process must be made on the defendant and proven by plaintiff's production of a return of service or process server's affidavit within 120 days of filing the complaint. See, e.g. Relational 627 F.3d 672. It was Skinner's responsibility to ensure that service was perfected. Moss v. Tenn. Dep't of Human Servs., No. 2:07-0012, 2009 U.S. Dist. LEXIS 73106, at *10 (M.D. Tenn. July 31, 2009); accord Baumer v. Bandyk, No. 1:06-cv-573, 2006 U.S. Dist. LEXIS 73531, at *3 (W.D. Mich. Oct. 10, 2006). Memphis informed Skinner that "service was not proper . . . before the time limit for service of process expired," but she did nothing within that time. Dreier v. Love, 3 F. Appx. 497, 498 (6th Cir. 2001); accord Dunham-Kiely v. United States, No. 3:08-cv-114, 2010 U.S. Dist. LEXIS 46114, at * 12 (E.D. Tenn. May 11, 2010). Skinner's decision not to act despite notice of improper service precludes application of the excusable neglect doctrine. "Inadvertence on the part of counsel or 'half-hearted efforts to serve a

defendant within the statutory period does not constitute good cause.'"  Mick v. Stanforth, No. 2:08-cv-990, 2009 U.S. Dist. LEXIS 47887, at *4 (S.D. Ohio May 27, 2009) (quoting Friedman, 929 F.2d at 1157).  Skinner has failed to show "'why service was not made within the time constraints.'"  Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 521 (6th Cir. 2006) (quoting Habib v. GMC, 15 F.3d 72, 73 (6th Cir. 1994)).

**D. Equitable Waiver of Service**

Although service of process is an independently necessary component of personal jurisdiction and its requirements are clearly delineated by Federal Rule of Civil Procedure 4, equitable, or de facto, waiver of service has been recognized in some cases when the defendant participates in pre-trial matters. See, e.g., United States v. Brow, 2012 U.S. Dist. LEXIS 37828, *9-10 (E.D.N.Y. March 15, 2012).  A court's determination that service of process should be waived despite a plaintiff's failure to comply with statutory requirements is a fact-bound decision that must consider the totality of the relevant circumstances.  See, e.g., Marchese v. Marchant Ladder, Inc., 2011 U.S. Dist. LEXIS 108531, at *8 (D. Conn. Sept. 22, 2011).

In Datskow v. Teledyne, Inc., the Second Circuit held that "a delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where...the defense was asserted in a timely answer."  899 F.2d 1298, 1303 (2nd Cir.

13

1991). Service of process, or a waiver of service, is a prerequisite to a court's personal jurisdiction over a defendant in every civil action. Harris, 7 Fed. Appx. at 455 ("Without such ... service, a district court is without jurisdiction to render judgment against the defendant.") In Datskow, the "plaintiff's mailing of the summons and complaint provided notice to defendant," but "it did not constitute proper service that permits the exercise of personal jurisdiction." 899 F.2d at 1302. Plaintiff claimed that "defendant waived proper service by participating in the litigation without questioning personal jurisdiction...prior to the expiration of the statute of limitations." Id. at 1303. The Court found that "under all the circumstances...defendant's conduct bar[red] it from complaining about the defective form of service." Id. In Datskow, the defendant's participation consisted of "attend[ing] the conference with the magistrate and participat[ing] in scheduling discovery and motion practice." Id. The Court stated that it would be more hesitant to find a waiver if the defendant had also contested personal jurisdiction on other grounds. Id. However, in Datskow, "amenability of [defendant] Teledyne Industries, Inc. to the jurisdiction of the…District [was] clear, and defendant [complained] only about a defect in the form of service…that could have been readily cured during

14

the limitations period if defendant had promptly complained." The Court refused to dismiss the case on that ground. Id.

The Sixth Circuit has not directly ruled on this issue, but two districts courts have applied the reasoning of the Second Circuit in Datskow. In West v. Hilton, the Southern District of Ohio found that defendants' "failure to assert the affirmative defenses of insufficient service of process or personal jurisdiction before...the deadline ordered by the Court...as well as Defendants'...active participation in the litigation for a year before filing the Motion, amount[ed] to a waiver of those affirmative defenses." No. 3:10-cv-284, 2012 U.S. Dist. LEXIS 45880, at *3 (S.D. Ohio Apr. 2, 2012) (citing Datskow, 899 F.2d at 1303). The court found that prior to submission of the Motion to Dismiss, "the parties conferred and jointly submitted a Rule 26(f) report," and the "Defendants, through Counsel, then participated in the Preliminary Pretrial Conference." Id. Defendants also "served Plaintiff with written discovery requests and...engaged in motion practice...seeking discovery orders" before raising their objection. Id.

In Auto Club Group Ins. Co. v. Foxconn/Hon Hai Logistics, Texas, LLC, plaintiff mailed a summons and waiver to defendant, who never returned the waiver. 2009 U.S. Dist. LEXIS 76771, at *2-3 (E.D. Mich. 2009). Plaintiff made no additional attempts to serve defendant, and defendant later moved to dismiss the

case on the ground of improper service. Id. at *3. The court found that the "circumstances...demonstrate that [defendant] waived its objection to service," when it "communicated with Plaintiffs...[to] formulate[] the joint discovery plan...served its Rule 26(a)(1) disclosures...[and] began sending out interrogatories and requests for production of documents" without reasserting its objection to improper service. Id. at *6.

Although Memphis participated in some pretrial matters, under the totality of the circumstances, its participation was insufficient to justify an equitable waiver of service. Memphis' actions are distinguishable from those of the defendants in other cases that have recognized this exception because its delay in asserting the defense was shorter, the Plaintiff, Skinner, had an opportunity to cure the defect, and Memphis' participation in pretrial matters was less extensive.

Memphis first raised its objection to improper service on May 28, 2009, three months after Skinner filed her Complaint and only one day after Memphis first participated in the suit by consulting with Skinner's attorney and filing a Motion to Extend Time to Answer. (Mot. to Extend Time, ECF No. 7; Cert. of Consultation, ECF No. 7-2.) In West, a year had passed between defendants' initial participation in the case and their assertion of insufficient service of process. See 2012 U.S.

Dist. LEXIS 45880, at *2.  In Auto Club, eight months had passed between the time defendant became aware of the defect in service and its motion to dismiss on that ground.  See 2009 U.S. Dist. LEXIS 76771, at *3-4.  Memphis' Motion to Dismiss was filed before the expiration of the 120-day period, so Skinner had both an obligation and an opportunity to cure the defective service. (See Mot. to Dismiss, ECF No. 9.)

Memphis' participation in the pretrial proceedings in this case was less extensive than in any of the cases where equitable waiver was granted.  Memphis filed a Motion to Extend Time to Answer or Otherwise Plead and its Consultation with Skinner's counsel on the issue of the Motion to Extend only, both on the day before the Motion to Dismiss was entered.  (Mot. for Extension, ECF No. 7; Cert. of Consultation, ECF No. 7-1.) Memphis' Motion to Extend Time does state, as Skinner alleges, that Memphis was served on May 7, 2009.  However, as discussed above, that statement is not proper proof of service or waiver of service. See Fed. R. Civ. P. 4.  Compared to the repeated interactions of the defendants in Datskow, West, and Auto Club with the court and the plaintiffs over multiple months, Memphis' actions do not justify an equitable waiver of service.

**V.   Sanctions**

Skinner seeks sanctions against Memphis on the ground that Memphis has misrepresented whether it was properly served.

17

(Sur-reply 4-5.) Skinner has not shown that misrepresentations were made, and Rule 11(c)(2) of the Federal Rules of Civil Procedure requires that a motion for sanctions be made separately from any other motion. The request for sanctions is DENIED.

**VI. Conclusion**

Memphis's Motion to DISMISS is GRANTED. Skinner's claims against Memphis are dismissed without prejudice. Skinner's request for Sanctions is DENIED.

So ordered this 30th day of September, 2012.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE